```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LUIS ANGEL TORRES ECHEVARRIA, | Civil Action No. 09-1308 (MLC) |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. |  |
| PTL. KARL SCHLECTWEG, |  |
| Defendant. |  |

Plaintiff, Luis Angel Torres Echevarria, a convicted state inmate confined at the South Woods State Prison in Bridgeton, New Jersey, when he submitted this Complaint for filing, seeks to bring this civil action for declaratory relief under 42 U.S.C. § 1983, for alleged violations of his constitutional rights regarding his state court trial and conviction.  Plaintiff failed to pay the $350.00 filing fee and did not submit a complete application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915 ("Section 1915").

Section 1915 establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.  A prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of an inmate trust fund account statement for the 6-month period immediately preceding the filing of the complaint.

28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison or institutional facility at which the prisoner was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the complaint if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the complaint for any of these reasons, Section 1915 does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, filed a complaint or brought an appeal in a court that was dismissed on any of the grounds listed above, the prisoner cannot bring another action in forma pauperis unless the

prisoner is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).[1]

Plaintiff here failed to either pay the $350.00 filing fee, or submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1); in particular, Plaintiff failed to provide a complete in forma pauperis application that contains a signed certification from an authorized officer of the South Woods State Prison, where plaintiff is confined, and his six-month institutional account statement, as prescribed under 28 U.S.C. § 1915(a)(2).

In addition, Plaintiff failed to sign his pleading as required by Fed.R.Civ.P. 11(a) and Local Civil Rule 11.1.

---

[1] This Court notes that Plaintiff has filed seven other civil rights complaints alleging constitutional violations by different defendants regarding the same New Jersey state court criminal trial and conviction.  These actions are:  Echevarria v. Tacher, et al., No. 09-1304 (JAP); Echevarria v. Hull, No. 09-1306 (FLW); Echevarria v. Johnatan, et al., No. 09-1307 (JAP); Echevarria v. Scapulla, et al., No. 09-1309 (AET); Echevarria v. Kaye, et al., No. 09-1310 (MLC); Echevarria v. George, et al., No. 09-1311 (GEB); and Echevarria v. Mount, et al., No. 09-1312 (JAP).

**IT IS THEREFORE** on this       25th       day of March, 2009;

**ORDERED** that Plaintiff's application to proceed in forma pauperis is **DENIED**, without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall supply to Plaintiff a blank form Application to Proceed In Forma Pauperis, and a blank form to be used by a prisoner in filing a Civil Rights Complaint; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally timely filed, see Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Bd. of Educ., 45 F.3d 161, 163 (7th Cir. 1995); and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, 402 East State Street, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete in forma pauperis application, including an affidavit of indigence, **and** six-month prison account statement, signed and certified by an authorized

officer of the institution where he is confined, or (2) the $350 filing fee; and (3) a Civil Rights Complaint setting forth his statement of claims and relief sought with Plaintiff's signature as required under Fed.R.Civ.P. 11(a); and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete in forma pauperis application or filing fee within the time allotted by this Court, and a signed Complaint form, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court designate the action as **CLOSED**.

                                            s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge